## Thornton *vs* Johnson.

APPEAL FROM THE MARION CIRCUIT.

*Fraud. Pleading by defendant. Rescission.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

DEBT.

*Case* 143.

*June* 3.

IT seems to this Court that the Circuit Judge erred in sustaining a demurrer to the plea, which averred that the note sued on was given in consideration of the sale, by the plaintiff to the defendant, of a slave; that the slave was secretly unsound; that the vendor knew and concealed it at the time of the sale, and that, within reasonable time after the discovery of the fraud, the defendant in the action offered to rescind the contract.

Though the mere fraud in the contract might not have been pleadable in bar of the action for the price of the slave, yet admitting that, as averred, such fraud was practised, an offer to rescind the contract, made, as also averred, in good faith and reasonable time, *ipso facto*, operated as a legal rescission. And consequently, if the plea be true, the facts averred are sufficient to bar this action, and would have even entitled the defendant to maintain *indebitatus assumpsit* for the price, had it been paid before the legal rescission.

The judgment by default must, therefore, be reversed, and the cause remanded with instructions to overrule the demurrer to the first plea.

*Harlan & Craddock* for appellant.

A plea averring that the note sued on was given in consideration of a slave purchased by defendant of plaintiff; that the slave was secretly unsound; that the vendor knew and concealed it at the time of the sale, and that in a reasonable time after the discovery of the fraud, the defendant in the action offered to rescind the contract, is a good plea. If true, the contract was legally rescinded.